**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **JAMES BAKER,** | ) | **Civil Action No. 7:13-cv-00512** |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **CHRISTOPHER ZYCH,** | ) | **By:  Hon. Michael F. Urbanski** |
| **Respondent.** | ) | **United States District Judge** |

James Baker, a federal inmate incarcerated in this district and proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, to challenge the sentence imposed by the United States District Court for the Eastern District of North Carolina. Respondent filed a motion to dismiss, and Petitioner responded, making the matter ripe for disposition.  After reviewing the record, the court dismisses the petition because Petitioner may not attack his sentence via § 2241.

**I.**

On September 28, 1998, Petitioner pleaded guilty in the United States District Court for the Eastern District of North Carolina to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and was sentenced to 235 months' incarceration as an Armed Career Criminal, pursuant to 18 U.S.C. § 924(e).[1]  The Fourth Circuit Court of Appeals affirmed the conviction in September 1999.

In October 2000, Petitioner filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, which the United States District Court for the Eastern District of North Carolina denied in January 2001.  In February 2012, Petitioner filed a second § 2255

---

[1] A convict who unlawfully possess a firearm and who also has three or more previous convictions for committing certain drug crimes or "violent felonies" receives a harsher sentence for being an Armed Career Criminal.

motion, which the United States District Court for the Eastern District of North Carolina denied in September 2013.

Thereafter, Petitioner filed this § 2241 motion, arguing that he was improperly sentenced under § 924(e) because his underlying convictions do not qualify him as an Armed Career Criminal.[2]  Petitioner explains that his prior convictions for misdemeanor assault, misdemeanor assault on a law enforcement officer, aiding an escape, misdemeanor simple assault, and breaking and entering do not qualify as "violent crimes," pursuant to United States v. Descamps, __ U.S. __, 133 S. Ct. 2276 (2013).[3]  Petitioner asks as relief that he be resentenced without the Armed Career Criminal enhancement.

## II.

A district court may not entertain a habeas corpus petition pursuant to § 2241 attempting to invalidate a sentence or conviction unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention."  28 U.S.C. § 2255(e); see, e.g., Swain v. Pressley, 430 U.S. 372, 381 (1977).  A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective."  In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).  The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of a conviction only when a prisoner satisfies a three-part standard:

> (1) [A]t the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

---

[2] Petitioner does not contest his federal conviction under § 922(g).

[3] In Descamps, the Supreme Court of the United States held that that a sentencing court may not look beyond the text of an indivisible statute, which is a statute that does not set out one or more elements of the offense in the alternative, and review certain documents when determining if a defendant is an Armed Career Criminal.  133 S. Ct. at 2281-82.

(3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Petitioner may not challenge his sentence enhancement as an Armed Career Criminal via § 2241. First, the substantive law has not changed to allow a felon to possess a weapon. See United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes"). Second, "Fourth Circuit precedent has . . . not extended the reach of [28 U.S.C. § 2255(e)] to those petitioners challenging only their sentence." United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (citing In re Jones, 226 F.3d at 333-34); see Farrow v. Revell, No. 13-6804, __ F. App'x __, 2013 U.S. App. LEXIS 20560, 2013 WL 5546155, at *l-3 (4th Cir. Oct. 9, 2013) (refusing a § 2241 challenge to an Armed Career Criminal designation (citing Poole, 531 F.3d at 267)); see also Whiteside v. United States, __ F.3d__, No. 13–7152, 2014 U.S. App. LEXIS 6425, *11-12 n.4, 2014 WL 1364019, at *27 n.4 (4th Cir. Apr.8, 2014) ("We expressly do not decide whether . . . § 2255(e) might justify relief from a Simmons sentencing error through the filing of a § 2241 petition."); Washington v. Zych, No. 7:13-cv-00503, 2013 U.S. Dist. LEXIS 156310, at *3-4 (W.D. Va. Oct. 31, 2013) (Moon, J.) (refusing a § 2241 challenge to an Armed Career Criminal designation), certificate of appealability denied and appeal dismissed, 516 F. App'x 235 (4th Cir. 2013).

Third, case law indicates that Descamps is not retroactive on collateral review. See, e.g., United States v. Sanders, 2013 U.S. Dist. LEXIS 150167, 2013 WL 5707808 (N.D. Ohio Oct. 18, 2013); Roscoe v. United States, 2013 U.S. Dist. LEXIS 148530, 2013 WL 5636686 (N.D.Ala. Oct. 16, 2013); Reed v. United States, 2013 U.S. Dist. LEXIS 146141, 2013 WL

5567703 (M.D.Fla. Oct. 9, 2013); <u>Landry v. United States</u>, 2013 U.S. Dist. LEXIS 144368, 2013 WL 5555122(W.D.Tex. Oct. 4, 2013). Fourth, the fact that a new § 2255 motion would be time barred or considered successive does not make § 2255 review "inadequate" or "ineffective." <u>In re Vial</u>, 115 F.3d at 1194 n.5. Accordingly, Petitioner may not proceed via § 2241, and his petition is dismissed.

## III.

For the foregoing reasons, the court grants Respondent's motion to dismiss and dismisses the petition for a writ of habeas corpus.

Entered: May 8, 2014

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge